UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAMONTE BROWN,

                Plaintiff,

-against-

46TH PRESIDENT OF THE UNITED STATES;
THE WHITE HOUSE,

                Respondent.

22-CV-1954 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action invoking the Court's diversity jurisdiction, seeking to subpoena the Biden/Harris administration and settle his claims against it. By order dated April 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff filed this complaint against the "46th President of the United States" and "the White House." The complaint, which does not set forth facts explaining what occurred, contains the following allegations. Plaintiff "provided" the Biden/Harris administration with a subpoena, but the administration was "non-complaint." (ECF 2-1 at 2-5.) Plaintiff "certifies the establishment of litigation integrity respective of Court anti-contempt establishing as actions have good and sufficient." (*Id.*) Attached to the complaint is a "bibliography" that includes references to music by recording artists Rihanna and Drake, YouTube videos, Wikipedia, and government websites. (*Id.* at 6.) In a section titled "Statement of Claim — Harm," Plaintiff writes:

> The concept of assessing "harm" an experience where the defendant imposes an event by incitement and causation on a subject, in this regard pertaining to the plaintiff, unwarranted is generally categorized to include physical bodily injury however with respect to other realms of effects associated with the matters of Brown v. 46th president of the United States, Commander-in-Chief.

(*Id.* at 7.)

2

Plaintiff seeks $11 billion in damages, for "recovery and relief from extenuating circumstances due to incitement of grievances/causation of action(s) and event(s) from US Department of Defense." (ECF 2-2 at 1, 4.)

## DISCUSSION

Plaintiff's complaint, even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, does not allege any facts suggesting that he has a plausible legal claim. Plaintiff provides no facts about the events giving rise to this action or explaining the basis for seeking a subpoena or $11 billion in damages. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

In any event, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived.[1] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency [federal officers official capacity] is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Plaintiff's claims against the "46th president" and "the White House" are dismissed under the doctrine of sovereign immunity for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C.

---

[1] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest that the FTCA provides a basis for a claim here.

§ 1915(e)(2)(B)(iii) (allowing for *sua sponte* dismissal of an IFP action that "seeks monetary relief against a defendant who is immune from such relief").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Even if Plaintiff alleged facts describing the injury he experienced, he seeks relief from immune defendants. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of sovereign immunity for lack of subject matter jurisdiction. Fed R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's request for a subpoena is dismissed as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge